SACCO & FILLAS, LLP
Mathew W. Beckwith (MB-1983)
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 746-3440
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRIAM PINGUIL,<br><br>        Plaintiff,<br><br>-against-<br><br>YTF HAIR EXTENSIONS INC., and SATIA RICKETTS,<br><br>        Defendants. | Case No.<br><br>ECF CASE<br><br><br>**COMPLAINT** |

Plaintiff Miriam Pinguil alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, the Defendants reside in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Plaintiff Miriam Pinguil ("Plaintiff") is a New York resident and was employed by Defendants as a nail technician.

4. Upon information and belief, Defendant YTF Hair Extensions, Inc., was and is a corporation organized under the laws of the State of New York, located at 153 East 103rd Street, New York, New York 10029.

5. Upon information and belief, Defendant Satia Ricketts ("Ricketts") is a New York resident and owner and manager of the Defendant entity. Defendant Ricketts is sued individually in his capacity as a joint employer.

6. Upon information and belief, Defendant Ricketts possess or possessed operational control over the Defendant entities, holds or held an ownership interest in the Defendant entities, or controls or controlled significant functions of the Defendant entity. Defendant Ricketts determined the wages and compensation of the employees of the Defendant entity, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

7. Upon information and belief, Defendants are an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales made or business done is not less than $500,000.

## FACTS

8. Defendants committed the following acts knowingly and willfully.

9. Defendants knew that nonpayment of minimum wage and overtime wages would economically injure Plaintiff and violate federal and/or state laws.

10. Plaintiff was employed as a nail technician for Defendants during the period of March 2015 through May 27, 2016.

11. Plaintiff was not required to clock in or out during the time she worked for Defendants.

12. Plaintiff was scheduled to work Tuesday through Friday from 10:30 am 7:00 pm and Saturdays from 9:00 am to 8:00 pm throughout her employment.

13. Plaintiff worked a total of forty five (45) hours per week throughout her employment.

14. Plaintiff was paid $60.00 per day when she was first hired regardless of the hours worked.

15. Plaintiff received a raise to $70.00 per day in or about May 2015 regardless of the hours worked.

16. Throughout Plaintiff's employment, Defendants failed to pay the plaintiff the required minimum wage.

17. Plaintiff worked at the Defendants two locations, the first at 243 W. 38th Street, Ste. 4E, New York, New York 10018 and the second at Lexington Avenue and 110th Street.

18. Plaintiff was not provided a meal break.

19. In each week of the Plaintiff's employment with Defendants, Defendants failed to pay her premium rate of pay of time and half his regular rate of pay for all hours worked in excess of forty (40) hours per week.

20. During Plaintiff's employment, Defendants failed to provide her with statements reflecting the amount of hours, her rate of pay, or the deductions, if any, that were taken during each workweek.

21. Plaintiff worked more than forty (40) hours per week during her tenure with Defendants, but did not receive any overtime pay for those hours nor was she paid time and one half his regular rate.

22. Plaintiff was not paid for her last week of employment with the Defendants.

23. Plaintiff sustained substantial losses from Defendants' failure to pay him minimum wage and to pay him proper overtime compensation.

### FIRST CLAIM FOR RELIEF
#### (FLSA Minimum Wage and Record Keeping Violations, 29 U.S.C. §§ 201 *et seq.*)

24. Plaintiff realleges and incorporates by reference all previous paragraphs.

25. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed Plaintiff as an "employee" within the meaning of the FLSA.

26. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully failed to pay Plaintiff the federal minimum wage for each hour worked.

27. At all relevant times, Defendants have had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff the federal minimum wage for each hour worked.

28. At all relevant times, Defendants willfully, regularly and repeatedly failed and continues to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff.

29.     Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)

30.     Plaintiff realleges and incorporates by reference all previous paragraphs.

31.     Defendants knowingly and willfully failed to pay Plaintiff the New York minimum wage for all hours worked.

32.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained compensatory and liquidated damages, including loss of earnings, in an amount to be determined at trial, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

33.     Plaintiff realleges and incorporates by reference all previous paragraphs.

34.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

35.     At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Plaintiff at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiff has been and are entitled to overtime.

36. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiffs at the required overtime rates, one and a half times his regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

37. Plaintiffs seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)

38. Plaintiff realleges and incorporates by reference all previous paragraphs.

39. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

40. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiff at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

41. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained compensatory and liquidated damages, including loss of earnings, in an amount to be established at trial, costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
(New York Notices and Record-Keeping Requirements N.Y. Lab. Law §§ 195(1))

42. Plaintiffs reallege and incorporate by reference all previous paragraphs.

43. Defendants failed to provide Plaintiff, at the time of hiring and anytime thereafter, in writing, a notice setting forth Plaintiff's rate of pay and of the regular pay day designated by the Defendants.

44. By failing to give proper notice to Plaintiff and to maintain proper recordkeeping requirements pursuant to N.Y. Lab. Law § 195(1), Defendants are liable to Plaintiffs\ for civil penalties and costs.

45. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including the loss of earnings, in an amount to be established at trial, costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

### SIXTH CLAIM FOR RELIEF
**(New York Notices and Record-Keeping Requirements N.Y. Lab. Law §§ 195(3))**

46. Plaintiff realleges and incorporates by reference all previous paragraphs.

47. Defendants failed to provide Plaintiff with a statement with every payment of wages, listing gross wages, deductions and net wages.

48. By failing to give proper notice to Plaintiff and to maintain proper recordkeeping requirements pursuant to N.Y. Lab. Law § 195(3). Defendants are liable to Plaintiff for civil penalties and costs.

49. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including the loss of earnings, in an amount to be established at trial, costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

B. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

E. Post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Astoria, New York
October 25, 2016

SACCO & FILLAS, LLP

By: _____
Mathew W. Beckwith (MB-1983)
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.